WILLIAM PLACKETT

*v.*

STATE OF ILLINOIS.

*Opinion filed January 17, 1922.*

NON-LIABILITY OF STATE—*when liability does not attach to State.*
Claimant was injured while performing his duties as a janitor at Illinois
State Normal University, Normal, Ill. *Held,* that no liability against the
State attached by reason of the injuries received.

RESPONDEAT SUPERIOR—*doctrine of not applicable to the State.* The
doctrine of *Respondeat Superior* is not applicable to the State, and the
State is not liable for the injuries received by its employees while in the
performance of their duty.

Edward J. Brundage, Attorney General, for State.

This claim was filed by William Plackett to the September term,
A. D. 1921, and pleadings completed, January, A. D. 1922.

The declaration alleges in substance, that on March 20, A. D. 1919,
and for a considerable time prior thereto, the claimant was in the em-
ploy of the defendant, State of Illinois, as a janitor at and in the Illinois
State Normal University, located at Normal, Illinois, at a salary of
sixty-five dollars a month. That is was the duty of claimant, as such
employee, to do general janitor work about the said institution, more
particularly at and about the Thomas Medcalf building, one of the said
University buildings.

That on said date while so in the employ of the defendant State,
and while engaged in the performance of his duties as such janitor, the
claimant was washing the sky-lights in said last mentioned building,
and while so engaged and while exercising due care and caution for his
own safety, he accidently fell through the said sky-light, a distance of
fifteen or eighteen feet, striking and falling upon the chairs, desks, etc.,
almost demolishing the furniture, by reason of which and in consequence
of which the claimant sustained permanent injuries, to-wit:

A scalp wound, three or four inches long, internal injuries and in-
juries to the spinal column, by reason of which and in consequence of
which, he, the complainant was sick for a long time, and the ailments
or injuries finally resulted in traumatic neurasthenia; that the same
totally and permanently disables him for the performance of manual la-
bor, and he claims damages therefor in the sum of five thousand dollars.

The evidence in the case is substantially as alleged in the claim-
ant's declaration, as above indicated, and the State admits there is no
evidence to contradict it. It is disclosed by the evidence that the injuries
received by the fall through the sky-light resulted in extreme nervous-

ness and traumatic neurasthenia, which is explained by the attending physician to be a nervous condition following injury.

The earlier examinations of claimant by physicians did not disclose a permanent injury, but in May and as late as September 24, 1921, he was thoroughly examined by Dr. Sloan, who testified as to his mental and physicial condition, and said: "In my opinion he (meaning the claimant) is permanently disabled, and cannot be cured." There is evidence, however, to the effect that much of the trouble complained of exists in the mind of claimant.

Nevertheless, the testimony shows that his afflictions did result from the fall and that it totally incapaciated him to do manual labor, and that the injuries are permanent and incurable.

The State offers no evidence, but admits the proof as above indicated, and interposes no objection to a recommendation to the Legislature in this case, that the claimant be paid such an amount as the Court may deem just and equitable.

This Court has repeatedly held that the State was, as a matter of law, is not liable for injuries received by its employees while in its employ, and it is unnecessary to here cite authorities. However, since the passage of the Act of 1917, creating this Court, and defining its jurisdiction and duties, many cases of this character have been decided by this Court.

But, inasmuch as the State interposes no objection to the recommendation by the Court to the Legislature that the claimant be paid a sum which the Court may deem just and equitable, and the Court being of the opinion that in the interest of social justice and public welfare, that the State should compensate its employees for injuries sustained as in this case, recommend that the claimant be paid the sum of six hundred fifty-one dollars expended in his behalf in payment of the bills due for services rendered by his physicians, nurse and drug bills, and in addition thereto for his injuries, we recommend a "lump" sum of twenty-three hundred fifty dollars, making a total of three thousand and one ($3,001.00) dollars.